

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| **SCANNER TECHNOLOGIES CORP.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION No. 9:06cv205** |
| | § | |
| **NVIDIA CORP.,** | § | |
| *Defendant.* | § | |

## <u>REPORT AND RECOMMENDATION ON DISMISSAL</u>

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72, the Local

Rules of The United States District Court for the Eastern District of Texas, Appendix B, the District

Court referred this matter to the undersigned United States Magistrate Judge, at Beaumont, Texas,

for determination of non-dispositive pretrial matters.  *See Order* [Clerk's doc. #27].

<u>Background</u>

On June 12, 2007, this Court conducted a telephonic status conference in light of certain

developments in a related litigation, Cause Number 00-CV-04992-DC, *Scanner Tech. Corp. v. ICOS*

*Vision Systems Corp., N.V.*  ("*Scanner v. ICOS*" or "ICOS I"), filed in the United States District

Court for the Southern District of New York.  In that case, The Honorable Denny Chin, United States

District Judge, entered final judgment on June 1, 2007.  A copy of the final judgment was made part

of the record in this case with Defendant NVIDIA's notice advisory to the Court [Clerk's doc. #88].

Judge Chin's judgment bears significance on this case because he found against Scanner in

that proceeding and dismissed Scanner's infringement claims against the defendant, ICOS Vision

Systems, on the merits and with prejudice. *See Final Judgment, Exhibit A to Notice Advisory* [Clerk's doc. #88]. While that case does not involve the same defendant, Judge Chin did, in effect, bar Scanner from enforcing the patents at issue in that litigation, U.S. Patent No. 6,064,756 and 6,064,757.   The patents at issue in this case are continuation patents from Patent Application No. 09/008,243 and are undisputedly[1] in the same patent family (i.e. continued and derived from the same Application) as those ruled upon by Judge Chin.  *See U.S. Patent No. 7,079,678 ("'678 Patent") and U.S. Patent No. 7,085,411 ("'411 Patent"), filed as Exhibits to Complaint for Patent Infringement* [Clerk's doc. #1].  Most significantly, Judge Chin specifically held that "Scanner is barred by unclean hands from enforcing the *Patents and related patents* in the family derived from common parent U.S. Patent Application No. 09/008,243, filed on January 16, 1998" (emphasis added).   Therefore, the directives set forth by Judge Chin's judgment cast certain doubts on Scanner's ability to proceed upon its claims of infringement for the patents at issue in this case at this time without being in contempt of his order in that case.

Accordingly, after receiving notice of the terms set out by the final judgment in *Scanner v. ICOS*, the Court conducted the status conference to determine the appropriate disposition of Scanner's claims pending in this Court.  As evidenced by their respective positions on the issues, the parties agreed that further litigation in this case should not proceed at this time in light of Judge Chin's judgment and the appeal of that judgment.

During the telephonic status conference, the parties argued the options for disposing of this

---

[1] At the telephonic hearing, the parties were in agreement that Judge Chin's order in the related ICOS cases "basically held that all of the family of patent is unenforceable...," and therefore agreed with the Court's concerns about the continuation of this case in the interim.  *See p.4, Reporter's Transcript of June 12, 2007, Telephonic Status Conference.*

proceeding in light of Judge Chin's order.  Scanner contended that the Court should enter an order

staying this case until the judgment entered by Judge Chin in *Scanner v. ICOS* is adjudicated on

appeal by the Court of Appeals for the Federal Circuit. In support, counsel for Scanner cited several

concerns, including (1) limitations on its relief if it were forced to re-file the instant case, (2) a

possible "race to the courthouse" with NVIDIA in litigating the instant patents, and (3) collateral

estoppel issues.

Defendant NVIDIA alternatively moved for dismissal without prejudice.  NVIDIA argued

that this case should be dismissed without prejudice while ICOS I - the one in which Judge Chin

issued his order - is resolved by the Federal Circuit.  In support, NVIDIA contended that, if stayed,

this case would remain on the Court's docket for a significant period of time while the appeal of

Judge Chin's order is adjudicated.  NVIDIA further cited harm that it would allegedly incur in

having to manage a stayed case, both in terms of cost and efficiency.  Finally, NVIDIA pointed out

that Judge Chin dismissed two other related cases on his own docket ("ICOS II" and "ICOS III")

without prejudice pending the Federal Circuit's disposition of his judgment in ICOS I.  The parties'

positions and corresponding legal arguments are fully set out in the record of the hearing.  *See*

*Reporter's Transcript of June 12, 2007, Telephonic Status Conference* [Clerk's doc. #91].

No written motions have been filed with the Court.  However, the parties argued their

positions at the status conference and orally moved for either a stay or dismissal without prejudice,

respectively.  The Court convened the status conference and took up the issue *sua sponte* both in the

interest of efficiency and in consideration of any contempt concerns that could arise if Scanner

presented further filings to the Court or could be construed as acting in its instant infringement

claims.  Having conducted the status conference pursuant to Judge Clark's referral order, heard the

3

parties' arguments, and considered the procedural and legal posture of this case in conjunction with Judge Chin's judgment in *Scanner v. ICOS*, the undersigned magistrate judge now enters the following findings and conclusions in supported of a recommended disposition of this proceeding. The Court concludes that the case should be dismissed, without prejudice to refile.

<u>Discussion</u>

i.      Discretion Afforded in Managing the District Court's Docket

The Federal Rules of Civil Procedure, most specifically Rule 41(b), have been interpreted broadly to give courts the power, on their own motion, to clear their calendars of dormant cases. *See Link v. Wabash R. Co.*, 370 U.S. 626 (1962).  The situation before the Court here is unique when compared to other cases interpreting Rule 41(b) in that it does not involve involuntary dismissal for want of prosecution or dilatoriness on the part of a party.   In this case, both parties agree that the case should not proceed on the merits at this stage in light of Judge Chin's recent judgment.  As discussed herein, at issue is the proper disposition of a case in which the parties agree that no further litigation toward a decision on the merits should be had while a related case is being heard on appeal.

The Court does heed guidance from the above-cited precedent insofar as a district court clearly maintains the inherent power to manage its own docket.  *See Link*, 370 U.S. at 629-31. Factors to consider in this regard include all pertinent circumstances and balancing the authority of the court to prevent undue delay against the policy of the law favoring the disposition of cases on the merits.  *See Cintron-Lorenzo v. Departmento de Asuntos del Consumidor*, 312 F.3d 522, 527 (1st Cir. 2002).

Here, the parties agree that this case should not be adjudicated on the merits at this time, while *Scanner v. ICOS* is on appeal.   That consideration is, therefore, moot at this juncture.

4

Accordingly, the Court finds it proper to exercise its authority to prevent undue delay as this case remains dormant on this Court's active docket.  That dormancy would surely occur if the case is stayed rather than dismissed.  In light of the time period usually needed for an appeal to be disposed of at the Federal Circuit level, this case could remain inactive for anywhere from one to several years if stayed rather than dismissed.   Additionally, the Court is highly reluctant to recommend a stay without a definite timeline in place or any indication as to the ultimate resolution of the related case and its affect on this litigation.  *See, e.g., Jaffe v. Morgan Stanley, Inc.*, No. C06-3903, 2007 U.S. Dist. LEXIS 8502, (N.D. Cal. Jan. 19, 2007) (court's decision to stay a case influenced by "the short duration of the requested stay, and the court will not lightly grant an extension" of that stay.)  Finally, if the court stayed the case, both judicial resources and the resources of the parties would be expended unnecessarily in this proceeding as the Court may require status reports of the pending appeal and would still be required to monitor the outcome of the related litigation, as well as report this case as pending on its active docket, despite having ordered its stay.

ii.     Issues of Comity and "First-Filed"

The Court further finds that dismissal, rather than a stay, is warranted for purposes of comity and efficiency.  It has been long-recognized that principles of comity require federal district courts - courts of coordinate jurisdiction and equal rank - to exercise care and to avoid interference with each other's affairs.  *West Gulf Maritime Assoc. v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985), *cert. denied* 474 U.S. 844 (1985). Although there is no a precise rule governing the contemporaneous consideration of the same issues by two federal courts, the general principle is to avoid duplicative litigation.  *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  The Fifth Circuit has recognized that district courts have the inherent power to stay

5

*or* dismiss an action where the issues presented can be resolved in an earlier filed action pending in another federal district court. *Wolf Designs, Inc. v. Donald McEvoy Limited, Inc.*, 355 F. Supp. 2d 848, 854 (N.D. Tex. 2005) (citing *West Gulf Maritime*, at 729) (emphasis added).

It follows that this Court should defer to Judge Chin's ruling and the Federal Circuit's ultimate determination with regard to the patents at issue in that case, which, as discussed above, directly bear upon the issues of this litigation.  Staying the matter in this Court would be of no benefit because it will unnecessarily leave the matter pending here, despite the undisputed fact that Judge Chin has made a ruling clearly affecting the issues herein and that ruling  is still to be considered by the Federal Circuit. *See Walker Group v. Firstlayer Comms., Inc.*, 333 F. Supp. 2d 456, 460 (M.D.N.C. 2004).  Dismissal would accordingly be the most practical solution at this time.

In patent cases, where all appeals are heard by the Federal Circuit, less consideration is given to issues of forum shopping or an inequitable race to the court house. *Serco Servs. Co. L.P., v. Kelley Co.*, 51 F.3d 1037, 1040 (Fed. Cir. 1995). The plaintiff in a second related suit bears the burden of showing compelling circumstances or sufficient inconvenience to overcome the first-filed action rule. *See J.P.Sercel and Assoc., Inc., v. New Wave Research*, Civ. No. 03-331, 2003 U.S. Dist. LEXIS 17891 (D.N.H. Oct. 7, 2003) (citing *Cent. States, Southeast & Southwest Areas Pension Fund v. Paramount Liquor Co.,* 34 F. Supp. 2d 1092, 1094 (N.D. Ill. 1999); *800-Flowers, Inc. v. Intercontinental Florist, Inc.,* 860 F. Supp. 128, 132 (S.D.N.Y. 1994)).

Granted, it is true that the "first-filed" rule does not apply directly to the New York cases before Judge Chin in relation to this case because they did not involve NVIDIA as a party. Only Scanner and its patents are  constant variables in all of the aforementioned cases.  However, there is no dispute that Judge Chin's ruling clearly affects the patents at issue here.  The Court also finds

6

the above precedent instructive and dispositive of Plaintiff's "race to the courthouse" argument offered at the status conference.  Again, because forum shopping carries less weight in patent cases, and there has been no showing of bad faith on  the part of any party in that regard, the Court is not persuaded that Plaintiff would be prejudiced by dismissal as opposed to a stay in terms of being able to "first-file" in this jurisdiction after resolution of Judge Chin's case.  *See Serco Servs*., 51 F.3d at 1040.  The Plaintiffs have not offered what the Court determines to be "compelling circumstances" requiring that this Court keep the instant litigation on its docket instead of granting preference and comity to Judge Chin's decision and the Federal Circuit's consideration of that decision.  Instead, the Court finds it appropriate and most efficient to dismiss this case without prejudice in favor of those proceedings.  *See, e.g., J.P. Sercel Assoc.*, at *8.

In fact, the Court finds guidance in Judge Chin's decision to dismiss, rather than stay, the pending ICOS II and ICOS III cases on his own docket.  *See June 1, 2007, Order, filed as part of Defendant NVIDIA Corporation's Advisory to the Court* [Clerk's doc. #88].   He dismissed ICOS I and ICOS III without prejudice to refile "in the event the judgment entered in *Scanner v. ICOS* , 00 Civ. 4992, is reversed."  *See id.*   The Court will follow Judge Chin's lead and recommend the same disposition in this case, as the patents at issue here will also be affected by the affirmation or reversal of Judge Chin's judgment in *Scanner v. ICOS.*

        iii.      Collateral Estoppel Arguments

At the status conference, the Plaintiffs further argued that dismissal would only be proper if the Defendants were able to argue that principles of collateral estoppel should preclude this Court from proceeding based upon Judge Chin's ruling.  Plaintiffs relatedly argued that Judge Chin's judgment is not "final" because (i)  it is under review by the appellate process, (ii) the patents at issue

here were not technically before Judge Chin, and (iii) Scanner was (allegedly) not afforded the opportunity to make certain objections and arguments before the entry of judgment in *Scanner v. ICOS*, the Defendant cannot assert collateral estoppel and therefore cannot argue for dismissal.

The Court finds this argument to be without merit.  The Defendant cited a case on the issue that the undersigned finds persuasive.  In *Pharmacia & Upjohn Co. v.Mylan Pharmaceuticals, Inc.*[2], the Court of Appeals for the Federal Circuit emphasized that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding, and that a final judgment retains all of its *res judicata* consequences pending decision of the appeal.  *Id*. at 1381. (Citations omitted).[3]  This Court is in no position to revisit Judge Chin's final judgment or to address its finality.  Further, Scanner's argument that it did not have a full and fair opportunity to litigate in that case are best left to the reviewing court, and are certainly not for consideration here.  *See, e.g., Pharmacia & Upjohn*, at 1379-80.   Accordingly, the Court must grant deference to Judge Chin's judgment and afford it the *res judicata* weight it deserves.  Scanner's argument that collateral estoppel issues are not present and a dismissal is, therefore, unwarranted, are overruled.  Collateral estoppel issues are clearly present in light of Judge Chin's final judgment, and this further supports the Court's decision to dismiss this case in light of that judgment.

<u>Recommended Disposition</u>

For the reasons and findings stated herein, the undersigned United States Magistrate recommends that the District Court grant Defendant's oral motion to dismiss this case without

---

[2] 170 F.3d 1373 (Fed. Cir. 1999).

[3]In reaching this decision on this collateral estoppel issue, the *Pharmacia & Upjohn* court cited numerous cases, including its own, cases from the Supreme Court, and several courts of appeals, including the Fifth Circuit.  *See id.*

8

prejudice, and order that this civil action be dismissed without prejudice to refile. The Court further recommends that the Clerk of Court be directed to close the case upon dismissal.

Objections

Within ten (10) days  after receipt of the magistrate judge=s report, any party may serve and file written objections to the findings of facts, conclusions of law, and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the district judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 10th day of July, 2007.**


KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE